UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER JOHNSON,

    Plaintiff,

v.                              Case No:   2:15-cv-611-FtM-99CM

YASHODA HOSPITALITY, INC.
d/b/a HOWARD JOHNSON INN,

    Defendant.

## ORDER

Before the Court is Plaintiff's Motion for Entry of Clerk's Default Against Defendant Yashoda Hospitality, Inc. (Doc. 9), filed on December 7, 2015.  Plaintiff moves, pursuant Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendant Yashoda Hospitality, Inc. for failure to respond to the Complaint.  For the reasons that follow, the motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a).

Here, the Return of Service (Doc. 8) states that on October 13, 2015, Plaintiff's process server delivered a true copy of the Summons and Complaint upon Gordon Duncan as Registered Agent for Yashoda Hospitality, Inc. d/b/a Howard Johnson Inn at 1601 Jackson Street, Suite 101, Fort Myers, FL 33901. Doc. 5 at 3. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *Udoinyion v. The Guardian Security*, 440 Fed. Appx. 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*,

Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(3)(a).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Yashoda Hospitality, Inc. has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default Against Defendant Yashoda Hospitality, Inc. (Doc. 9) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Yashoda Hospitality, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record