UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER JOHNSON,

    Plaintiff,

v.                             Case No: 2:15-cv-611-FtM-99CM

YASHODA HOSPITALITY, INC.,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment Against Defendant Yashoda Hospitality, Inc. (Doc. #14) filed on September 7, 2016.[1] No response has been filed, and the time to respond has expired. The Court finds that an evidentiary is not required for the reasons stated below.

*Procedural Background*

On October 5, 2015, Alexander Johnson (plaintiff) filed a Complaint (Doc. #1) against Yashoda Hospitality, Inc. d/b/a Howard Johnson Inn (defendant) pursuant to Title III of the Americans with Disabilities Act of 1990 (ADA), as amended (42 U.S.C. §§ 12181-12189) and the Florida Civil Rights Act of 1992 (FCRA) (Fla. Stat. § 760.01, *et seq.*). On December 7, 2015, after service of process and finding no response to the Complaint (Doc. #1),

---

[1] Plaintiff did not incorporate a memorandum of law in support of the request.

plaintiff moved for the entry of a default against defendant. (Doc. #9.)  The motion was granted, and the Clerk issued an Entry of Default (Doc. #12) against defendant on December 29, 2015. (Doc. #11.)  Plaintiff now seeks the entry of a default judgment, and has met the necessary prerequisite for a default judgment. Fed. R. Civ. P. 55(a).

*Standard of Review*

A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal citations omitted).

*Facts Deemed Admitted*

Plaintiff is a resident of the State of Florida who suffers from a qualified disability, and is a member of a protected class under the ADA.  Plaintiff is hearing impaired and suffers from severe bilateral sensorineural hearing loss, a physical impairment that substantially limits one or more major life activities. Defendant is a hotel that is open to the general public, and as a

public lodging facility is a public accommodation within the meaning of both Title III and the FCRA.

On November 8, 2014, plaintiff attempted to procure lodging at defendant's facility (the hotel or defendant's hotel), but suffered discrimination and was denied full and equal access to the hotel. Plaintiff often travels, and has a desire to return to the area to rent a hotel room at defendant's hotel but cannot due to defendant's hotel's failure to provide TTY devices, and because defendant's hotel prohibited entry by his service animal.

More specifically, as to Counts I[2] and III, defendant's hotel did not have the TTY serve logo displayed as is required, and upon checking-in, when plaintiff requested a TTY device, defendant's hotel employee informed plaintiff that it did not have any such devices available. Plaintiff believes that defendant is well aware of the laws and requirements for a hotel to have the TTY devices available, and defendant willfully violated plaintiff's rights. Plaintiff left without renting a room based on defendant hotel's failure to provide a TTY device for use with the telephone in the hotel room.

---

[2] In Count I, plaintiff seeks injunctive and declaratory relief under the ADA with regard to the failure to maintain TTY devices, and attorney's fees.

As to Counts II[3] and III[4], plaintiff states that he was also denied full and equal enjoyment of defendant's facilities based on his service animal. Plaintiff has been accompanied by his service animal Snoopy for many years. Snoopy acts to alert, assist, and protect plaintiff from harm. When plaintiff visited defendant's hotel, an employee inquired about Snoopy and notified plaintiff of the $20 USD per night pet fee policy. Plaintiff informed the employee that Snoopy was a service animal and not a pet, but the hotel would not waive the pet fee. Plaintiff left the hotel, humiliated.

*ADA Claims (Counts I and II)*

Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of . . . any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). See also 28 C.F.R. § 36.301(a). This includes failing to take steps to ensure that no individual with a disability is excluded by the absence of

---

[3] In Count II, plaintiff seeks injunctive and declaratory relief under the ADA with regard to not discriminating against service animals.

[4] In Count III, plaintiff seeks compensatory damages, damages for intangible injuries, punitive damages, costs, attorney's fees and interest, as well as injunctive and declaratory relief under the FCRA for denial of the use of a service animal without a pet fee.

auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A)(iii). Also, "a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

*ADA – TTY (Count I)*

"A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). TTYs, or text telephones, are but one type of auxiliary aid, but it is not the only type, and "the ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication." 28 C.F.R. §§ 36.303(b), (c). "The purpose of the effective communication rules is to ensure that the person with a vision, hearing, or speech disability can communicate with, receive information from, and convey information to, the covered entity." See U.S. Dep't of Justice, Civil Rights Division, Effective

Communication (Jan. 2014).[5]  Hotels that allow guests the ability to make outgoing telephone calls on more than an "incidental convenience basis" must provide a TDD on request.  28 C.F.R. § Pt. 36, App. C.  Even if defendant's defenses are deemed waived, including undue hardship or expense, there is no indication in the Complaint, or the attached Affidavit, that plaintiff asked for an alternative auxiliary device before leaving the hotel, or that the use of the telephone was required for more than incidental use. 28 C.F.R. § 36.303(d)(2).  The Court will grant the motion for a default judgment as to Count I to the extent that no auxiliary devices were provided, but will not specifically require TTY devices be maintained at the hotel.

*ADA – Service animal (Count II)*

"A public accommodation shall not ask or require an individual with a disability to pay a surcharge, even if people accompanied by pets are required to pay fees, or to comply with other requirements generally not applicable to people without pets."  28 C.F.R. § 36.302(c)(8).  The facts in the Complaint establish that defendant's hotel insisted on a pet fee for plaintiff to keep Snoopy, despite plaintiff explaining that it was a service animal. Therefore, the motion will be granted as to Count II.

---

[5] See https://www.ada.gov/effective-comm.htm.

*FRCA Claim (Count III)*

While plaintiff is not required to exhaust his administrative remedies for a claim under Title III of the Americans with Disabilities Act regarding a public accommodation, Stan v. Wal-Mart Stores, Inc., 111 F. Supp. 2d 119, 123 (N.D.N.Y. 2000), the same cannot be said for a claim based on Fla. Stat. § 413.08, which is enforceable through the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01, *et seq.*

Florida Statue Section 413.08 falls under the Social Welfare statutes providing assistance programs for the blind.  Fla. Stat. § 413.032 ("The purpose of this act is to further the policy of the state to encourage and assist blind and other severely handicapped individuals.")  Under the pertinent section setting forth the rights of an individual with a disability, is the "right to be accompanied by a service animal in all areas of a public accommodation that the public or customers are normally permitted to occupy."  Fla. Stat. § 413.08(d)(3).  An independent private cause of action for enforcement of this statute has been found in the public employment context, Zorick v. Tynes, 372 So. 2d 133, 141 (Fla. 1st DCA 1979), however the Court declines to extend the ruling to authorize other types of private anti-discriminatory actions directly under the statute.

The FRCA broadly applies to any violation of any Florida statute making discrimination unlawful.  See Fla. Stat. § 760.07.

Under Fla. Stat. § 760.11, a person aggrieved by a violation of the FCRA may file a complaint with the state or federal commission, and if the commission makes a determination "that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may" bring a civil action.  Fla. Stat. §§ 760.11(1), (4).  It is through the application of the FRCA, that "[t]he court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages" under the FRCA.  Fla. Stat. § 760.11(5).  See also Dismukes v. Nationsbank, N.A., 97-3777-CIV-NESBITT/SIMONTON (S.D. Fla. Apr. 13, 1999)[6].  "If the statute prohibiting unlawful discrimination provides an administrative remedy, the action for equitable relief and damages provided for in this section may be initiated only after the plaintiff has exhausted his or her administrative remedy."  Fla. Stat. § 760.07.  Finding no evidence that plaintiff exhausted or attempted to exhaust[7], Count II will be dismissed for failure to exhaust administrative remedies.  See, e.g., Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1205 (11th Cir. 2007)

---

[6] The Order is unpublished and attached.

[7] In the Complaint, plaintiff alleges that "[r]emedies provided by Florida Statute §760 are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA." (Doc. #1, ¶ 4.)

(dismissing state claim because there was no evidence that plaintiff provided the commission with further information within the 10 days of the issued letter, or that an administrative hearing was sought).

Even if plaintiff had exhausted, no supporting documents were provided for the sum sought of $4,500.00, plus interest, and the Court is not inclined to grant an evidentiary hearing without some effort by plaintiff to demonstrate why this is an appropriate amount of damages.  Even if the Court further assumes that the amount is for punitive damages, the allegations that defendant is believed to have received information from Howard Johnson as a franchisee, and that defendant is well aware of the ADA laws[8] is insufficient to warrant imposition of punitive damages in this case.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Default Judgment Against Defendant Yashoda Hospitality, Inc. (Doc. #14) is **GRANTED IN PART AND DENIED IN PART.**

2. The Clerk shall enter a default judgment in favor of plaintiff as to Counts I and II of the Amended Complaint,

---

[8] Doc. #1, ¶¶ 23-24.

and dismissing Count III for failure to exhaust administrative remedies.

3. The Clerk shall enter judgment to include the following language:

A. Defendant is found to have violated the provisions of Title III of the Americans with Disabilities Act, namely for failing to furnish an auxiliary device or provide an alternative service to patrons who are deaf or hard of hearing, and for failing to accommodate an individual with a disability traveling with a service animal at a place of public accommodation by waiving or not charging an additional fee or cost for having the service animal;

B. Defendant shall promulgate policies and procedures to ensure the hotel's compliance with Title III of the ADA, and to train the hotel employees and management to be aware of the need for auxiliary devices or assistance to accommodate individuals with qualifying disabilities, upon request for an accommodation; and

C. Defendant shall provide clearly visible signage that "Service Animals are Welcome", or the equivalent, and signage or stickers that auxiliary devices are available, both to be placed at or near the entrance or front lobby of the hotel.

4. The Clerk shall further terminate all deadlines and close the case. Any request for attorney fees and costs shall be made by separate motion to be filed within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of November, 2016.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record